THOMAS MANLEY, Respondent, v. COUNTY OF YATES, Appellant.— Memorandum: It is difficult to determine the theory of action contained in the complaint, but we deem it to be essentially in negligence. However, there are no factual allegations supporting a claim of negligence. The plaintiff may be able to supply the deficiencies by amendment. (Appeal from order of Yates Special Term denying defendant's motion for judgment on the pleadings under rule 112 of the Rules of Civil Practice.) Present — Williams, P. J., Goldman, Halpern, McClusky and Henry, JJ.

EDWIN PARKOT, Doing Business as P & H WHOLESALE SUPPLY COMPANY, Plaintiff, v. AL STANGL, Respondent, and COSENTINO GENESEE CORPORATION, Appellant, et al., Defendant.— Order unanimously affirmed, with $25 costs and disbursements. (Appeal from order of Erie Special Term denying motion by defendant Cosentino Corp. for dismissal of the cross claim against it by defendant Stangl.) Present — Williams, P. J., Goldman, Halpern, McClusky and Henry, JJ.

CHARLES A. GRANT, as Administrator of the Estate of CHARLES A. GRANATA, JR., Deceased, Plaintiff, v. RICHARD BRADSTREET et al., Defendants. ROCHESTER GAS AND ELECTRIC CORPORATION, Defendant and Third-Party Plaintiff-Respondent, v. A. FRIEDERICH & SONS Co., Third-Party Defendant-Appellant.— Memorandum: The demand for a bill of particulars did not request any items that were proper. (Appeal by third-party defendant from order of Monroe Special Term granting the third-party plaintiff's motion to vacate the demand for a bill of particulars served by third-party defendant.) Present — Williams, P. J., Goldman, Halpern, McClusky and Henry, JJ.